THE HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHENZHEN YIHONG TECHNOLOGY CO., LTD.,

Plaintiff,

v.

DBEST PRODUCTS, INC.,

Defendant.

CASE NO. 2:24-cv-02043-KKE

DEFENDANT'S MOTION TO DISMISS COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

NOTE ON MOTION CALENDAR: **March 21, 2025**

**ORAL ARGUMENT REQUESTED**



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 3

A. The Complaint's Allegations and Claims ........ 3

B. Jurisdictional Facts regarding Vtopmart's Declaratory Judgment Claims ........ 4

III. LEGAL STANDARD ........ 5

A. Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim ........ 5

B. Motion to Dismiss under Fed. R. 12(b)(1) for Lack of Subject Matter Jurisdiction ........ 6

IV. ARGUMENT ........ 7

A. The Court Lacks Subject Matter Jurisdiction for the Declaratory Judgment Claims Because There is No Actual Controversy ........ 7

B. The Court Should Decline to Exercise Supplemental Jurisdiction Over the State Law Claims of Counts III and IV in the Interest of Judicial Economy ........ 10

C. Vtopmart Fails to State a Claim for Tortious Interference with Contract Because it has not Alleged Facts that Support an Inference that Amazon Breached or Terminated any Contract with Vtopmart ........ 11

D. The Complaint Fails to State a Claim for Unfair Competition in Violation of the Washington Consumer Protection Act ........ 14

V. CONCLUSION ........ 15




**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

# TABLE OF AUTHORITIES

**Cases**

*Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997) ........ 10
*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937) ........ 7
*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013) ........ 8
*Amana Refrig. Inc. v. Quadlux, Inc.*, 172 F.3d 852 (Fed. Cir. 1999) ........ 8
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........ 5, 6
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 5, 6
*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) ........ 10
*Chesebrough-Ponds, Inc. v. Faberge, Inc.*, 666 F.2d 393 (9th Cir. 1982) ........ 7
*Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338 (Fed. Cir. 2010) ........ 9
*Eugster v. City of Spokane*, 91 P.3d 117 (Wash. App. 2004) ........ 11
*Fossil Group, Inc. v. Angel Seller LLC*, 2021 U.S. Dist. LEXIS 164293 (E.D.N.Y. Aug. 27, 2021) ........ 13
*Hotaling & Co. v. Berry Solutions, Inc.*, 2022 U.S. Dist. LEXIS 178066 (D.N.J. Sept. 29, 2022) ........ 13
*In re Wilshire Courtyard*, 729 F.3d 1279 (9th Cir. 2013) ........ 6
*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ........ 6
*Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 930 P.2d 288 (Wash. 1997) ........ 11
*Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014) ........ 6
*Magassa v. Wolf*, 487 F.Supp.3d 994 (W.D. Wash. 2020) ........ 7
*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) ........ 7
*McCarthy v. United States*, 850 F.2d 558 (9th Cir. 1988) ........ 4
*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ........ 7
*Mercasia U.S. v. 3BTech, Inc.*, 2022 U.S. Dist. LEXIS 114617 (N.D. Ind. June 30, 2020) ........ 13
*Microchip Tech., Inc. v. Chamberlain Group*, 441 F.3d 936 (Fed. Cir. 2006) ........ 7
*Moore v. Commercial Aircraft Interiors, LLC*, 278 P.3d 197 (Wash. App. 2012) ........ 11
*Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885 (Wash. 2009) ........ 14
*Purely Driven Prods., LLC v. Chillovino, LLC*, 171 F. Supp.3d 1016 (C.D. Cal. 2016) ........ 6
*Ride the Ducks Seattle LLC v. Ride the Ducks Int'l LLC*, 647 F. Supp.3d 1049 (W.D. Wash. 2022) ........ 14, 15
*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) ........ 6
*Shenzhen JingPinCheng Elec. Tech. Co. v. Blisslights, LLC*, Case No. 21-cv-1393-GPC (RBB), 2021 U.S. Dist. LEXIS 217972, 2021 WL 5234422 (C.D. Cal. Nov. 10, 2021) ........ 8
*Slidewaters LLC v. Washington State Dept. of Labor and Indus.*, 4 F.4th 747 (9th Cir. 2021) ... 10
*State v. Mandatory Poster Agency, Inc.*, 398 P.3d 1271 (Wash. 2017) ........ 14
*Tarhuni v. Holder*, 8 F.Supp.3d 1253 (D. Or. 2014) ........ 7
*Taylor v. Amazon, Inc.*, 2025 U.S. Dist. LEXIS 8094 (W.D. Wash. Jan. 15, 2025) ........ 14
*Twitter, Inc. v. Voip-Pal*, No. 20-CV-02397-LHK, 2021 U.S. Dist. LEXIS 164221 (N.D. Cal. Aug. 30, 2021) ........ 9
*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) ........ 10
*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) ........ 6
*Wisconsin Dep't. of Corr. v. Schacht*, 524 U.S. 381 (1998) ........ 10
*Zulily, LLC v. Amazon.com*, 2024 U.S. Dist. LEXIS 234854 (W.D. Wash. Dec. 31, 2024) ........ 14



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

**Statutes**

28 U.S.C. § 1367(a) .......... 10
28 U.S.C. § 1367(c)(3).......... 10
28 U.S.C. § 2201(a) .......... 7

**Treatises**

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3567.3 (3d ed.) .... 10



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

Defendant dbest products, Inc. ("dbest") respectfully moves, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (12)(b)(6), to dismiss the Complaint filed by Plaintiff Shenzhen Yihong Technology Co., Ltd., ("Vtopmart").[1]

## I. INTRODUCTION

dbest designs and sells innovative shopping carts, including stackable shopping carts. dbest owns a worldwide portfolio of intellectual property, including utility patents, design patents, and trademarks. To protect its rights against counterfeiters and infringers on Amazon.com, dbest regularly files Policy Warning notices with Amazon that identify the Amazon Standard Identification Number ("ASIN") of an infringing product. In early December 2024, dbest filed such a notice with Amazon asserting that certain stackable storage drawers, identified by their ASINs, sold on Amazon.com infringed its U.S. Patent No. 12,103,576 B2 (the "'576 Patent"). The accused products corresponding to the ASINs were sold by Vtopmart. In response, and in accordance with its Intellectual Property Policy, Amazon removed the accused products from its online marketplace and notified Vtopmart of dbest's notice and its removal of the products. Amazon also notified Vtopmart that it could "Work directly with the rights owner who reported the violation to submit a retraction" and provided dbest's contact details.

Rather than contact dbest and request a retraction, Vtopmart chose to file the Complaint in this action. Only after attempting to serve its Complaint did Vtopmart notify dbest of its noninfringement position with respect to the '576 Patent. dbest immediately withdrew its notice to Amazon, and Amazon restored Vtopmart's ASINs/products to the online marketplace on or about December 30, 2025. On January 22, 2025, dbest voluntarily gave Vtopmart, its distributors,

---

[1] Shenzhen Yihong Technology Co., Ltd. does business on Amazon.com under the name "Vtopmart."



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

and its customers a comprehensive, unconditional, and irrevocable covenant not to sue for infringement of the ’576 Patent by the previously identified ASINs/products. On February 6, 2025, based on Vtopmart’s input on the scope of the covenant, dbest gave Vtopmart an even broader covenant not to sue, including its manufacturers and suppliers.

Because of dbest’s withdrawal of its notice to Amazon and granting of the covenant not to sue, there is no longer any actual controversy between Vtopmart and dbest about infringement or validity of the ’576 Patent that provides jurisdiction for Vtopmart’s declaratory judgment claims. Thus, Vtopmart’s claims for declaratory judgment of noninfringement and invalidity of dbest’s ’576 Patent should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

If it dismisses the declaratory judgment claims, the Court should decline to exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(c)(3). Judicial economy, convenience, and fairness favor dismissal.

Even if the Court accepts jurisdiction, Vtopmart’s state law claim for tortious interference with contractual relations should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Taking the allegations in the Complaint as true, they do not support the inference that dbest intentionally interfered with Vtopmart’s alleged contract with Amazon or caused Amazon to breach or terminate it. Vtopmart does not identify the terms of its alleged contract with Amazon and does not allege that Amazon breached or terminated its contract due to dbest’s alleged interference. To the contrary, the allegations that Amazon notified Vtopmart that its ASINs/products were removed due to dbest’s notice show that Amazon merely followed its Intellectual Property Policy for sellers. Therefore, Vtopmart’s second count must be dismissed under Rule 12(b)(6) for failure to state a claim.



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

Similarly, Vtopmort's state law claim for unfair competition under Washington's Consumer Protection Act ("CPA") should be dismissed under Fed. R. Civ. P. 12(b)(6) for at least three reasons. First, it fails to allege any facts showing that dbest's private notice to Amazon, an online retail platform, was likely to mislead a substantial portion of the public. Second, Washington courts distinguish between allegedly deceptive acts that could mislead consumers and acts that arise from disputes between private parties, such as this one. Third, Vtopmart has not alleged facts that support its boilerplate allegations that dbest's actions "affect the public interest."

For these and other reasons set forth below, dbest respectfully requests the Court to dismiss the Complaint in its entirety.

## II. FACTUAL BACKGROUND

### A. The Complaint's Allegations and Claims

Vtopmart claims it is in the business of selling products in the Amazon marketplace. Dkt. 1, ¶ 12. The products at issue are Vtopmart's Stackable Storage Drawers sold under the following ASINs: B09ZKYQMVD; B09J2QWHC2; B0CGV3LT2H; and B0CGV3QXPH (the "Vtopmart Drawers"). *Id.*, ¶ 10. On or about December 6, 2024, Vtopmart received a Notice from Amazon stating that the Vtopmart Drawers were removed due to a notice concerning the '576 Patent filed by dbest. *Id.*, ¶¶ 10-11 and Ex. A. Amazon's Notice also stated that Vtopmart could "[w]ork directly with the rights owner who reported the violation [dbest] to submit a retraction" and provided dbest's contact details, including an individual contact and his email and phone number. *Id.*

In its Complaint, Vtopmart alleges four causes of action. In Count I, Vtopmart requests declaratory judgment that the Vtopmart Drawers do not infringe the '576 Patent. *Id.*, ¶¶ 16-33. In Count II, it seeks a declaratory judgment that the '576 Patent is invalid under 35 U.S.C. §§ 102,



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

103 and/or 112. *Id.*, ¶¶ 34-45. Count III alleges tortious interference by dbest with Vtopmart's contractual relationship with Amazon under Washington law. *Id.*, ¶¶ 46-54. Count IV alleges unfair competition in violation of Washington's Consumer Protection Act ("CPA"). *Id.*, ¶¶ 55-58.

**B. Jurisdictional Facts regarding Vtopmart's Declaratory Judgment Claims**[2]

To protect its intellectual property, dbest participates in Amazon's Brand Registry Program and regularly monitors online retail websites like Amazon.com for products that infringe its patents and trademarks. Declaration of Kaue Pereira in Support of Defendant's Motion to Dismiss Complaint ("Pereira Decl."), ¶ 2. In early December 2024, Kaue Pereira, the dbest employee responsible for reporting infringing products to Amazon, filed a notice with Amazon, on behalf of dbest, alleging that certain stackable storage drawers offered and sold on Amazon.com under the four ASINS at issue in this case – namely, B09ZKYQMVD, B09J2QWHC2, B0CGV3LT2H, and B0CGV3QXPH – infringed dbest's '576 Patent. *Id.*, ¶¶ 1 and 3. Amazon took down these ASINs and notified Vtopmart to "[w]ork directly with the rights owner who reported the violation [dbest] to submit a retraction" and provided dbest's contact details, including an individual contact and his email and phone number. Dkt. 1, Ex. A. But rather than contact dbest and request a retraction as suggested by Amazon's Notice, Vtopmart chose to file the Complaint in this action. Vtopmart did not contact dbest prior to initiating suit. Pereira Decl. ¶ 4. Only after attempting to serve its Complaint and being contacted by dbest's counsel did Vtopmart notify dbest of its

---

[2] While material outside a complaint's allegations cannot be considered in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it can be considered in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. When assessing a 12(b)(1) motion to dismiss, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citations omitted).



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

noninfringement position with respect to the ’576 Patent. *Id.*, ¶ 4; Declaration of Ehab M. Samuel in Support of dbest’s Motion to Dismiss Complaint (“Samuel Decl.”), ¶ 2.

On or about December 22, 2024, Mr. Pereira contacted Amazon and requested retraction of the notice against Vtopmart’s ASINs/products and reinstatement of the listings on Amazon.com. Pereira Decl., ¶ 5. On or about December 30, 2014, Amazon reinstated the listings of the subject ASINs, and since then, Vtopmart’s stackable storage drawers have been up for sale in the Amazon marketplace. *Id.*, ¶ 6.

On January 22, 2025, dbest unilaterally gave Vtopmart an unconditional and irrevocable covenant not to sue for infringement of the ‘576 Patent in connection with the accused ASINs/products. Samuel Decl., ¶ 5 and Ex. A. On February 6, 2025, at Vtopmart’s request, dbest gave Vtopmart an even broader covenant not to sue, including its manufacturers and suppliers. *Id.,* ¶ 7 and Ex. C.

## III. LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim

A court may dismiss a complaint for “failure to state a claim upon which relief can be granted” pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint “must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’” *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible “when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard requires more than the “sheer possibility” that a defendant has acted



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

unlawfully. *Id.* A complaint that presents "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

**B. Motion to Dismiss under Fed. R. 12(b)(1) for Lack of Subject Matter Jurisdiction**

Because "[f]ederal courts are courts of limited jurisdiction," "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *see also In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013). A party may challenge the court's subject-matter jurisdiction through a motion filed under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A Rule 12(b)(1) jurisdictional attack "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted); *see also Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In a factual attack, the challenger disputes the truth of the allegations that might otherwise invoke federal jurisdiction. *Safe Air*, 373 F.3d at 1039. In resolving factual attacks, the court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted); *see also Purely Driven Prods., LLC v. Chillovino, LLC*, 171 F. Supp.3d 1016, 1018-20 (C.D. Cal. 2016) (denying declaratory judgment plaintiffs' motion to strike defendants' declarations and exhibits offered in support of Rule(b)(1) motion to dismiss and granting defendant's motion to dismiss for lack of subject matter jurisdiction over plaintiffs' declaratory judgment claims).



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

## IV. ARGUMENT

### A. The Court Lacks Subject Matter Jurisdiction for the Declaratory Judgment Claims Because There is No Actual Controversy

The Declaratory Judgment Act provides that "[i]n a case of actual controversy" a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In an action for declaratory relief, the plaintiff must establish two basic requirements: (1) the court has federal subject matter jurisdiction over the claims and (2) an actual case or controversy exists. *Id.* The case or controversy requirement is satisfied if, "'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Moreover, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests" and "real and substantial." *Id.* (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241 (1937)).

Declaratory judgments are forward-looking. *See, e.g., Magassa v. Wolf*, 487 F.Supp.3d 994, 1010 (W.D. Wash. 2020) ("a plaintiff 'whose injury lies wholly in the past without a reasonable likelihood of recurring in the future' lacks standing to seek a declaratory judgment") (quoting *Tarhuni v. Holder*, 8 F.Supp.3d 1253, 1267-68 (D. Or. 2014)). A plaintiff "must therefore demonstrate that [they are] reasonably threatened by repetition of the injury to establish standing to seek a declaratory judgment." *Id.* Courts must consider in determining whether an actual controversy exists whether the plaintiff has a real and reasonable apprehension of being sued. *Chesebrough-Ponds, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396 (9th Cir. 1982); *Microchip Tech., Inc. v. Chamberlain Group*, 441 F.3d 936, 942 (Fed. Cir. 2006) (holding that district court erred



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

in concluding declaratory judgment jurisdiction existed because plaintiff did not establish "reasonable apprehension" of being sued for patent infringement).

Here, dbest has never threatened to sue Vtopmart for patent infringement. Merely sending a notice to Amazon alleging that an Amazon seller's listings infringe a patent does not create an actual controversy regarding infringement at the time of the suit's filing. *See Shenzhen JingPinCheng Elec. Tech. Co. v. Blisslights, LLC*, Case No. 21-cv-1393-GPC (RBB), 2021 U.S. Dist. LEXIS 217972, *8, 2021 WL 5234422, *4-5 (C.D. Cal. Nov. 10, 2021) (dismissing declaratory judgment claim for lack of subject matter jurisdiction where complaint's allegation that the defendant took affirmative steps to enforce its patent rights was conclusory and without factual support).

And even if there was an actual controversy in December 2024, as soon as Vtopmart notified dbest of its noninfringement position, dbest requested retraction of dbest's notice to Amazon and reinstatement of the listings on Amazon.com, thereby eliminating any controversy. Samuel Decl., ¶¶ 2-3; Pereira Decl., ¶ 5. An actual controversy must exist not only when the complaint is filed but throughout the litigation. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013) (citations omitted). Accordingly, a "case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id.* at 91 (citation omitted).

In the patent context, the Federal Circuit has repeatedly recognized that a covenant not to sue will divest a court of jurisdiction over a declaratory judgment claim when it extinguishes any real controversy between the parties. *See, e.g. Amana Refrig. Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999) (affirming district court's dismissal of plaintiff's declaratory judgment claims of invalidity and noninfringement based on defendant's covenant not to sue because "a covenant



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

not to sue for any infringing acts involving products 'made, sold, or used' on or before the filing date is sufficient to divest a trial court of jurisdiction over a declaratory judgment action.") (citation omitted); *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348-49 (Fed. Cir. 2010) (reversing district court's denial of defendant's motion to dismiss plaintiff's declaratory judgment claim of invalidity because defendant's covenant not to sue "extinguished any current or future case or controversy between the parties, and divested the district court of subject matter jurisdiction"); *Twitter, Inc. v. Voip-Pal*, No. 20-CV-02397-LHK, 2021 U.S. Dist. LEXIS 164221, at *25 (N.D. Cal. Aug. 30, 2021) (granting defendant's motion to dismiss because defendant gave plaintiff covenant not to sue for infringement involving current or past products, which divested court of subject matter jurisdiction over case seeking declaration of noninfringement and invalidity of subject patent).

Here, based on Vtopmart's comments, dbest provided Vtopmart with the following covenant not to sue:

> dbest products, Inc. unconditionally and irrevocably covenants not to sue Shenzhen Yihong Technology Co., Ltd. ("**Yihong**"), its distributors, suppliers, manufacturers and customers, for infringement of any claim of U.S. Patent No. 12,103,576 ("the '576 Patent") in connection with Yihong's products bearing Amazon ASIN Nos. B09ZKYQMVD, B09J2QWHC2, B0CGV3LT2H, and B0CGV3QXPH that, at any time before and after the date of this covenant, Yihong: (i) makes, will have made, sells, uses offered for sale, or otherwise imports, and/or (ii) made, had made, sold, used, offered for sale, or otherwise imported. This covenant shall also apply to all future owners of the patent and any future owners and/or successors in interest of Yihong.

Samuel Decl., ¶ 6 and Ex. C. This covenant protects Vtopmart from being sued for infringement on all the products at issue in this case that were made, used, sold or offered for sale before and after the date of the covenant, and is binding on the parties' future owners and/or successors. It thus eliminates any case or controversy between the parties, depriving the Court of subject matter jurisdiction.



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

Given the lack of a genuine and persisting controversy here, the Court should dismiss with prejudice Vtopmart's declaratory judgment claims.

**B. The Court Should Decline to Exercise Supplemental Jurisdiction Over the State Law Claims of Counts III and IV in the Interest of Judicial Economy**

The Complaint alleges supplemental jurisdiction for its state law claims. Dkt. 1, ¶ 6. Supplemental jurisdiction allows federal courts to hear state law claims "when they 'are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Wisconsin Dep't. of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (citing 28 U.S.C. § 1367(a)).

But supplemental jurisdiction is discretionary. If a court dismisses all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial…the state claims should be dismissed as well."); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ( "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors…will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *Slidewaters LLC v. Washington State Dept. of Labor and Indus.*, 4 F.4th 747, 762 (9th Cir. 2021) (same); *see also* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3567.3 (3d ed.) ("As a general matter, a court will decline supplemental jurisdiction if the underlying [federal question] claims are dismissed before trial."). In any event, a court's decision to decline supplemental jurisdiction over state law claims should be informed by considering economy, convenience, fairness, and comity. *Acri*, 114 F.3d at 1001.



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

Here, if the Court dismisses the federal declaratory judgment claims, judicial economy favors dismissing the state law claims.

**C. Vtopmart Fails to State a Claim for Tortious Interference with Contract Because it has not Alleged Facts that Support an Inference that Amazon Breached or Terminated any Contract with Vtopmart**

To succeed on a claim for tortious interference with contract, a plaintiff must prove: (1) the existence of a valid contractual relationship; (2) the defendant's knowledge of and intentional interference with that relationship; (3) a breach or termination of that relationship induced or caused by the interference; (4) an improper purpose or the use of improper means by the defendant that caused the interference; and (5) resultant damage. *Eugster v. City of Spokane*, 91 P.3d 117, 123 (Wash. App. 2004). Because a tortious interference claim requires wrongful conduct, the claimant must show "purposefully improper interference." *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 930 P.2d 288, 300 (Wash. 1997). Additionally, "[t]o be improper, interference must be wrongful by some measure beyond the fact of the interference itself, such as a statute, regulation, recognized rule of common law, or an established standard of trade or profession." *Moore v. Commercial Aircraft Interiors, LLC*, 278 P.3d 197, 200 (Wash. App. 2012) (citation omitted).

Here, dbest submitted a notice to Amazon alleging infringement under the good faith belief that Vtopmart's stackable storage drawer infringed the '576 Patent. Pereira Decl., ¶ 3. "Exercising in good faith one's legal interests is not improper interference." *Leingang*, 930 P.2d at 300 (citation omitted). Furthermore, upon being notified of Vtopmart's Complaint and its non-infringement position therein, dbest promptly assisted Vtopmart in reinstating its ASINs/products on Amazon.com. Pereira Decl., ¶¶ 5-6; Samuel Decl., ¶¶ 2. This process could have been expedited had Vtopmart reached out to dbest earlier or Vtopmart's counsel reached out to dbest's outside counsel directly after receiving the notice from Amazon in early December 2024, rather than delaying to file and serve the complaint formally. Samuel Decl., ¶ 3. Notably, three of Vtopmart's



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

attorneys appearing of record in this action were already aware that dbest's outside counsel represents dbest in patent disputes, as they have been adversaries in a separate patent infringement action involving dbest[3], spanning from the pleadings stage to ongoing post-trial motions. *Id.*

As to the third element of tortious interference, Vtopmart alleges that dbest intentionally interfered with its contractual relationship with Amazon knowingly and intentionally by asserting false allegations of patent infringement against Vtopmart in order to have its listings removed and eliminate its lawful competition. Dkt. 1, ¶ 50. But it does not allege anywhere that dbest competes with Vtopmart for sales of stackable storage drawers on Amazon.com. To the contrary, Vtopmart alleges that its stackable storage drawers are materially different from dbest's collapsible carts covered by the '576 Patent. They cannot be folded or collapsed. *Id.*, ¶ 20. And they lack the wheels inherent in a shopping cart. *Id.*, ¶ 28. Simply put, and taking Vtopmart's own allegations as true, there is no competition between the parties with respect to the subject products for dbest to "eliminate."

More importantly, the Complaint does not allege facts to support an inference that Amazon breached any agreement with Vtopmart or terminated any contractual relationship with Vtopmart when Amazon responded to dbest's notice and removed Vtopmart's listings for the specified ASINs. Amazon's terms for sellers operating in its online marketplace outline its policy for handling intellectual property infringement notices, which Vtopmart presumably accepted when it became a seller on Amazon.com. This is likely why the Complaint does not allege that Amazon breached any agreement with Vtopmart or terminated their contractual relationship by removing its listings for the specified ASINs in response to dbest's notice – Vtopmart cannot make such an

---

[3] *Guangzhou Yucheng Trading Co., Ltd. v. dbest products, Inc.*, No. 2:21-cv-04758-JVS-JDE (C.D. Cal.).



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

allegation in good faith – and this omission is fatal to Vtopmart's claim of tortious interference. Indeed, Vtopmart continues to sell its products on Amazon.com. The only reasonable inference under the circumstances is that Vtopmart's purported agreement with Amazon *allows* Amazon to take actions against Vtopmart under Amazon's intellectual property policy. In other words, Amazon is within its contractual rights when it takes actions against sellers upon receiving notice of potential intellectual property infringement.

District courts have found similar allegations insufficient to state a claim for tortious interference with contract under similar state tort laws. *See Mercasia U.S. v. 3BTech, Inc.*, 2022 U.S. Dist. LEXIS 114617, *11 (N.D. Ind. June 30, 2020) (denying injunction, finding seller's claim for tortious interference with contract had almost no chance of success on the merits where it appeared that Amazon had merely complied with its "Intellectual Property Policy for Sellers" and seller failed to identify any contract term Amazon had breached by removing its listings); *Fossil Group, Inc. v. Angel Seller LLC*, 2021 U.S. Dist. LEXIS 164293, *30-31 (E.D.N.Y. Aug. 27, 2021) (allegations that complaints to Amazon interfered with seller's business relationship with Amazon by causing Amazon to suspend its selling privileges did not state a claim for breach of contractual relationship); *Hotaling & Co. v. Berry Solutions, Inc.*, 2022 U.S. Dist. LEXIS 178066, *12 (D.N.J. Sept. 29, 2022) (dismissing tortious interference claim that failed to describe the purported contract or otherwise provide any details regarding its terms, such as how Amazon's suspension of seller's listings would amount to a breach). Vtopmart's claim for tortious interference with contractual relations under Washington law has the same defects and should suffer the same fate.



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

**D. The Complaint Fails to State a Claim for Unfair Competition in Violation of the Washington Consumer Protection Act**

For Count IV of the Complaint, alleging unfair competition under Washington's Consumer Protection Act ("CPA"), Vtopmart has alleged the legal elements of a cause of action but has not alleged *facts* that show all these elements. Dkt. 1, ¶¶ 56-57. First, it has alleged no facts that show dbest's notice to Amazon was deceptive. "An act is deceptive if it is likely to mislead a reasonable consumer" or if "it has the capacity to deceive a substantial portion of the public." *State v. Mandatory Poster Agency, Inc.*, 398 P.3d 1271, 1274 (Wash. 2017); *see also Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 894 (Wash. 2009); *Zulily, LLC v. Amazon.com*, 2024 U.S. Dist. LEXIS 234854, at *46 (W.D. Wash. Dec. 31, 2024).

Amazon is the largest online retailer in the United States, not a consumer. *Taylor v. Amazon, Inc.*, 2025 U.S. Dist. LEXIS 8094, at *2 (W.D. Wash. Jan. 15, 2025). Whether an action is "unfair or deceptive" is a question of law. *Mandatory Poster*, 398 P.3d at 1274. Thus, to decide this 12(b)(6) motion, the Court does not have to accept Vtopmart's conclusory allegation that dbest committed an unfair and deceptive act. Instead, it should dismiss Count IV for Vtopmart's failure to allege *facts* supporting its claim, including any act by dbest that was likely to mislead a reasonable consumer or deceive a substantial portion of the public.

Here, Vtopmart cannot show that dbest's notice to Amazon, which was sent only to Amazon and then conveyed by Amazon to Vtopmart, had the capacity to deceive any portion of the public, much less a substantial portion of the public. Washington courts applying the CPA "rule out" allegedly deceptive acts and practices that are unique to the relationship between the plaintiff and the defendant. *Ride the Ducks Seattle LLC v. Ride the Ducks Int'l LLC*, 647 F. Supp.3d 1049, 1055 (W.D. Wash. 2022). This is such a case because Vtopmart's allegations present a short-



**Potomac Law Group, PLLC**
1455 NW Leary Way, Suite 400
Seattle, Washington 98107
Tel: (202) 558-5557 Fax: (202) 318-7707

lived dispute between Vtopmart and dbest that did not affect a *single* consumer or any portion of the public.

Finally, the CPA also requires a showing that the act at issue impacts the public interest. *See, e.g. Ride the Ducks*, 647 F. Supp.3d at 1057 (finding insufficient evidence of impact on the public interest). Simply alleging that dbest's conduct is "affecting the public interest" without alleging any facts to support that element does not suffice.

For all these reasons, Vtopmart has not stated a claim for unfair competition under the CPA, and Count IV should be dismissed for failure to state a claim.

## V. CONCLUSION

For the reasons discussed above, dbest respectfully requests the Court to dismiss the Complaint in its entirety.

DATED this 21st day of February, 2025.

*I certify that this memorandum contains 4447 words, in compliance with the Local Civil Rules.*

**POTOMAC LAW GROUP, PLLC**

By: *s/ William D. Fisher*
William D. Fisher, WSBA No. 27475
1455 NW Leary Way, Suite 400
Seattle, WA 98107
Phone: (202) 558-5557
Email: wfisher@potomaclaw.com

**ORBIT IP, LLP**
Ehab M. Samuel (*pro hac vice pending*)
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Phone: (310) 887-1333
Email: esamuel@orbitip.com

*Attorneys for Defendant dbest products, Inc.*