**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| Shenzhen Yihong Technology Co., Ltd., <br><br> *Plaintiff*, <br><br> v. <br><br> dbest products, Inc. <br><br> *Defendant*. | Case No. 2:24-cv-02043 <br><br> **JOINT STATUS REPORT AND DISCOVERY PLAN** |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Plaintiff Shenzhen Yihong Technology Co., Ltd. ("**Plaintiff**" or "**Yihong**") and Defendant dbest products, Inc. ("**Defendant**" or "**dbest**") submit this Joint Status Report and Discovery Plan in accordance with the Court's Order dated January 27, 2025, Dkt. 17.

**1.     Nature and Complexity of the Case**

**Plaintiff's Statement**

This case is about whether Plaintiff Yihong's product offerings of certain stackable storage drawer on Amazon infringed upon Defendant Dbest's patent, bearing U.S. Patent No. 12,103,576 (the "**'576 Patent**"). On December 6, 2024, Plaintiff received a notice from Amazon.com, removing dozens of Plaintiff's stackable storage drawer products due to alleged complaint of infringement of '576 Patent by Defendant. Amazon also stated that it would need a court order allowing Plaintiff to sell the removed products before Amazon can reactivate the listings.

On December 11, 2024, Plaintiff Yihong filed this case seeking declaratory judgment of non-infringement upon Defendant's '576 Patent, and that Defendant's '576 Patent is invalid as it was rendered obvious by the prior art of a number of other patents or their combinations. Plaintiffs

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:2024-cv-02043

Glacier Law LLP
251 South Lake Ave Ste 910
Pasadena, CA 91101
(312) 448-7772

further assert claims for tortious interference with contractual relations, and unfair competition in violation of the Washington's Consumer Protection Act, RCW 19.86.020 et seq.

**Defendant's Statement**

This case is <u>not</u> a patent dispute, and the Complaint should be dismissed in its entirety under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1] Plaintiff Yihong initially filed this lawsuit seeking a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 12,103,576 (the "'576 Patent") in response to a notice submitted by Defendant dbest to Amazon.com. However, dbest has since withdrawn its notice to Amazon and provided Plaintiff with an unconditional, irrevocable covenant not to sue for infringement of the '576 Patent. As a result, there is no live controversy regarding the '576 Patent, and this Court lacks subject matter jurisdiction over Plaintiff's declaratory judgment claims.

Plaintiff's remaining claims—tortious interference with contract and unfair competition under Washington's Consumer Protection Act—are purely state law causes of action that do not implicate patent law. Accordingly, proceeding under the Court's proposed patent litigation schedule would be inappropriate and inefficient. Given dbest's pending Motion to Dismiss, dbest respectfully requests that the Court postpone issuing a scheduling order until it has ruled on the motion.

As detailed in the Motion to Dismiss, Plaintiff and its counsel did not attempt to engage with dbest before initiating this lawsuit, despite Amazon's takedown process encouraging direct engagement with rights holders to seek a retraction. This is particularly concerning given that Plaintiff's counsel, Glacier Law LLP, has previously litigated against dbest in *Guangzhou Yucheng*

---

[1] On February 21, 2025, Defendant dbest filed its Motion to Dismiss Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion to Dismiss"), which is noted for consideration on March 21, 2025. (Dkt. # 20)

-2-

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:2024-cv-02043

Glacier Law LLP
251 South Lake Ave Ste 910
Pasadena, CA 91101
(312) 448-7772

*Trading Co. v. dbest products, Inc.* No. 2:21-cv-04758-JVS-JDE (C.D. Cal.) and is familiar with dbest's counsel.[2] Despite this familiarity, Plaintiff's counsel opted for litigation rather than simple pre-litigation communication that would have promptly resolved the issue.

Plaintiff had a clear and direct path to seek resolution but chose litigation as its first resort. The Court should consider whether judicial resources should be expended on a case where no real controversy exists following dbest's covenant not to sue, particularly when early communication would have rendered this lawsuit unnecessary.

**2.     Proposed Deadline for Joining Additional Parties**

The parties propose 30 days after entry of the Scheduling Order in this case as the last day to join additional parties. However, dbest maintains that a scheduling order should not be issued until the Court resolves the pending Motion to Dismiss.

**3.     Assignment of the case to a Magistrate Judge**

The parties do not consent to assignment of this case to a full time United States Magistrate Judge.

**4.     Discovery Plan**

**A.  Prompt Case Resolution**

The parties support prompt resolution of this case.  The parties have exchanged settlement proposals but have been unable to reach an amicable resolution at this time. Further, in a good faith effort to resolve the matter, Defendant dbest voluntarily provided Plaintiff Yihong with an unconditional, irrevocable covenant not to sue for infringement of the '576 Patent. However, it is unlikely that the case will be resolved at least until the Court rules on the pending Motion to

---

[2] Indeed, not only are counsel in both cases the same, the *Guangzhou Yucheng* case remains ongoing due to post-trial briefing.

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:2024-cv-02043

Glacier Law LLP
251 South Lake Ave Ste 910
Pasadena, CA 91101
(312) 448-7772

Dismiss. Plaintiff refutes that same resolves the need for declaratory relief or makes it whole for the improper actions already taken by Defendant dbest which are likely to reoccur in the future, presenting a justiciable controversy under the request for declaratory relief.

### B. Alternative Dispute Resolution

The parties agree that early mediation in this case, under Local Civil Rule 39.1, would be beneficial to see if the parties can reach an amicable business resolution.

### C. Related Cases

There are no related cases among the parties pending before this court or in another jurisdiction.

### D. Initial Disclosures

The parties exchanged Rule 26(a)(1) initial disclosures on March 3, 2025.

### E. Subjects, Timing, and Phasing of Discovery

**Plaintiff's Statement**

Plaintiff expects to conduct discovery requiring the production of documents, electronic materials, and things, interrogatories, requests for admission, and depositions. Plaintiff does not believe that discovery needs to be phased. Plaintiff does not believe that expert report deadlines should be staggered. Plaintiff reserves the right to move for a protective order should the need arise as the case proceeds.

Plaintiff proposes a discovery plan as detailed in the table accompanying section 19(A) below consistent with the local patent rules.

**Defendant's Statement**

Pursuant to Local Civil Rule 26(f)(D), to promote expeditious and inexpensive resolution of the case, Defendant dbest submits that discovery should not proceed until resolution of the

-4-

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:2024-cv-02043

Glacier Law LLP
251 South Lake Ave Ste 910
Pasadena, CA 91101
(312) 448-7772

Motion to Dismiss. If discovery is necessary, it should be narrowly tailored to the remaining state law claims and should not follow a patent litigation schedule.

To further promote efficiency and minimize costs during discovery, dbest proposes presenting discovery disputes to the court by informal means, including via court conferences under Section IV(D) of the Court's Order dated January 27, 2025 (Dkt. # 17), and requesting the assistance of the magistrate judge for settlement conferences.

Pursuant to Local Civil Rule 26(f)(E), Defendant dbest anticipates seeking discovery on at least the following topics:

- The factual basis for Plaintiff Yihong's state law claims;

- Plaintiff's internal communications concerning the removed ASINs and/or dbest;

Communications between Plaintiff and Amazon concerning the removed ASINs and/or dbest;

- Communications between Plaintiff and other third parties concerning the removed ASINs and/or dbest;

- Plaintiff's alleged contractual relationship with Amazon;

- Plaintiff's channels of trade, inventory, inventory returns and consumer reviews, warehousing and distribution channels, costs, competition, among others; and

- Plaintiff's alleged damages claims and supporting financial records.

Defendant dbest believes that discovery should be phased into fact and expert. Given that there is no patent dispute, Defendant dbest believes that neither party will submit technical reports. However, Defendant dbest anticipates submitting a damages report to rebut any damages that Plaintiff Yihong claims. Defendant dbest submits that a protective order should be entered in the

-5-

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:2024-cv-02043

Glacier Law LLP
251 South Lake Ave Ste 910
Pasadena, CA 91101
(312) 448-7772

present case and will work with Plaintiff Yihong to submit an agreed proposed protective order for the Court's consideration.

Defendant dbest proposes a discovery plan as detailed in the table accompanying section 19(B) below consistent with what the Court adopts for non-patent matters.

### F. Electronically Stored Information

The parties will discuss in good faith the best way of addressing the timing and scope of exchange of relevant electronically stored information ("ESI"). Defendant does not see a need for adopting any ESI agreements or requesting issuance of any ESI orders at this time. The parties will submit a stipulated ESI discovery agreement along with a protective order should the need arise as the case proceeds.

### G. Privilege Issues

The parties agree that they will not be required to log privileged documents created on or after December 11, 2024, the date upon which Plaintiff commenced its action against Defendant. The parties have not identified any issues relating to claims of privilege or of protection as trial-preparation materials and will negotiate in good faith to resolve any such issues that may arise. The parties agree to the claw-back procedure under Rule 26(b)(5)(B) for any mistakenly produced material subject to a claim for privilege or work-product protection.

### H. Proposed Limitations on Discovery

The parties believe that the limitations on discovery provided by the Federal Rules of Civil Procedure are appropriate in this case. But the parties reserve the right to move for an order to increase or limit the amount, scope, and timing of any such discovery should increases or limitations become necessary as the case proceeds.

### I. Discovery Prior to Disclosures Required by LPR 120

-6-

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:2024-cv-02043

Glacier Law LLP
251 South Lake Ave Ste 910
Pasadena, CA 91101
(312) 448-7772

**Plaintiff's Statement**

Plaintiff submits that discovery should be allowed before the disclosures required by Local Patent Rule W.D. Wash. LPR 120.

**Defendant's Statement**

As explained above, this case is <u>not</u> a patent dispute, and there is a pending Motion to Dismiss the patent declaratory judgment claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and the state law claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Defendant dbest reiterates that to promote expeditious and inexpensive resolution of the case, discovery should not proceed until resolution of the pending Motion to Dismiss. If discovery is necessary, it should be narrowly tailored to the remaining state law claims and should not follow the Local Patent Rules or a patent litigation schedule.

**5. The case name, case number, and court or other tribunal for any pending or prior action challenging the patent(s) at issue in the case.**

Defendant dbest submits that this is not applicable because this is not a patent case. Plaintiff disagrees.

**6. Proposed modifications of the deadlines provided for in the Local Patent Rules.**

Defendant dbest submits that this is not applicable because this is not a patent case. Plaintiff disagrees and submits the proposed discovery plan, as outlined in the table accompanying Section 19(A) below, consistent with this Court's Order dated January 27, 2025. Dkt. No. 17.

**7. Confidentiality Concerns**

If discovery proceeds, the parties anticipate the exchange of confidential information and will work together to submit a stipulated protective order by May 3, 2025.

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:2024-cv-02043

Glacier Law LLP
251 South Lake Ave Ste 910
Pasadena, CA 91101
(312) 448-7772

**8. Whether and/or When a Tutorial Might be Scheduled to Assist the Court to Understand the Underlying Technology.**

Defendant dbest submits that this is not applicable because this is not a patent case and there is no need for a claim construction hearing. Plaintiff defers to the Court to decide whether a technical tutorial would be helpful to the Court in advance of the Claim Construction Hearing.

**9. Whether the Court Should Appoint an Expert to Hear and Make Recommendations on Claim Construction Issues.**

Defendant dbest submits that this is not applicable because this is not a patent case and there is no need for resolving any claim construction issues. Plaintiff does not believe that an expert is necessary to hear and make recommendations on claim construction issues, but reserves the right to request one depending on the course of discovery.

**10. Phasing Motions**

Defendant filed a Motion to Dismiss on February 21, 2025. Dkt. No. 20.

Defendant submits that the Court should resolve this motion before considering further motions or scheduling claim construction. Plaintiff disagrees.

The parties reserve the right to file dispositive motions depending on how discovery proceeds.

**11. Nature of the Claim Construction Hearing**

Defendant dbest submits that this is not applicable because this is not a patent case, and, thus, there is no need for a claim construction hearing or resolving any claim construction issues. Plaintiff disagrees and submits that the Claim Construction Hearing will be an evidentiary hearing where testimonies will be taken.

**12. Bifurcation**

-8-

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:2024-cv-02043

Glacier Law LLP
251 South Lake Ave Ste 910
Pasadena, CA 91101
(312) 448-7772

The parties do not believe bifurcation is warranted in this case.

**13. Other Suggestions for Shortening or Simplifying the Case**

The most efficient path forward is for the Court to rule on the Motion to Dismiss before scheduling any further proceedings.

**14. Jury or Non-Jury Trial**

The parties request a jury trial.

**15. Number of Trial Days**

The parties estimate that the trial will last approximately three to four (3-4) court days.

**16. Trial Counsel**

The names, addresses, and telephone numbers of all trial counsel are listed below as undersigned counsel.

**17. Service**

Defendant waived service of summons on January 13, 2025 (Dkt. No. 14). The parties agree that they shall serve all documents not filed using the Court's Case Management/Electronic Case Filing System by email. If service is not feasible or is unpractical by email the parties will confer prior to the deadline to arrange and agree to a reasonable alternative such as a link to cloud based storage or through an FTP. All deadlines shall be calculated from the date and time zone of the Western District of Washington.

**18. Scheduling Conference**

The parties request a scheduling conference with the Court before a scheduling order is entered. If the Court elects to set a scheduling conference, Defendant dbest would explain why the Local Patent Rules should not apply to this case and why, in the interest of judicial economy and efficiency, the Motion to Dismiss should be decided before the Court issues a scheduling order.

-9-

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:2024-cv-02043

Glacier Law LLP
251 South Lake Ave Ste 910
Pasadena, CA 91101
(312) 448-7772

**19. Proposed Preliminary Case Schedule**

    A.  <u>Plaintiff's Proposed Case Schedule</u>:

| Event | Proposed Deadline |
|---|---|
| Deadline to join additional party | 30 days after entry of Scheduling Order |
| Scheduling Order or Conference. | At the Court's convenience |
| Deadline to Add Inequitable Conduct Allegations without Leave of Court | 45 days after Scheduling Conference |
| Defendant to serve Preliminary Infringement Contentions and Disclosure of Asserted Claims (LPR 120) | 45 days after Scheduling Conference |
| Plaintiff to serve Preliminary Non−Infringement and Invalidity Contentions (LPR 121) and accompanying Document Production (LPR 122) | 65 days after Scheduling Conference |
| Exchange of proposed claim terms | 95 days after Scheduling Conference |
| Exchange of preliminary claim constructions | 95 days after Scheduling Conference |
| Joint claim construction and prehearing statement | 140 days after Scheduling Conference |
| Completion of claim construction discovery | 190 days after Scheduling Conference |
| Parties opening claim construction briefs | 195 days after Scheduling Conference |
| Parties submit Responsive Claim Construction Briefs | 210 days after Scheduling Conference |
| Claim Construction Hearing | At direction of Court. |
| Claim Construction Order | At direction of Court. |
| Parties to conduct mediation | 30 days after Claim Construction Order |
| Reliance on Opinion of Counsel | 30 days after Claim Construction Order |
| Close of fact discovery | 60 days after Claim Construction Order |
| Parties to Exchange Initial Expert Reports | 90 days after Claim Construction Order |
| Parties to Exchange Rebuttal Expert Reports | 120 days after Claim Construction Order |
| Close of Expert Discovery | 150 days after Claim Construction Order |
| Parties to file Case Dispositive and/or *Daubert* Motions | 180 days after Claim Construction Order |
| Parties to conduct mediation | 210 days after Claim Construction Order |
| Tutorial | At direction of Court |
| Pretrial Conference | At direction of Court |
| Trial | At direction of Court |

    B.  <u>Defendant's Proposed Case Schedule</u>

-10-

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:2024-cv-02043

Glacier Law LLP
251 South Lake Ave Ste 910
Pasadena, CA 91101
(312) 448-7772

Because there is no active patent dispute, there is no case or controversy as to any patent claim. As such, Defendant dbest requests the Court to adopt the following schedule based on The Hon. Judge Evanson's Chambers Procedures for Civil Cases (Updated December 2, 2024).

| Event | Date |
|---|---|
| TRIAL SET FOR 9:30 am on __ | 16 months after entry of Scheduling Order |
| Length of trial | 3-5 days |
| Deadline for joining additional parties | 28 days after entry of Scheduling Order |
| Deadline for filing amended pleadings | 56 days after entry of Scheduling Order |
| Disclosure of expert testimony under FRCP 26(a)(2) due | 7 months prior to Trial |
| All motions related to discovery must be filed by | 6 months prior to Trial |
| Discovery must be completed by | 5 months prior to Trial |
| All dispositive motions and motions challenging expert witness testimony must be filed by this date (see LCR 7(d)). Such motions must be noted for consideration no later than 28 days after this date (see LCR 7(d)). | 4 months prior to Trial |
| Settlement conference, if mediation has been requested by the parties per LCR 39.1, held no later than | 2 months prior to Trial |
| Proposed jury instructions and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | 21 days prior to Trial |
| Trial briefs, joint brief on motions in limine, proposed voir dire questions, and deposition designations due | 14 days prior to Trial |
| Pretrial conference | TBD |

**20. Disclosure Statements**

Plaintiff filed its Corporate Disclosure Statement on December 11, 2024 (Dkt. No. 2). Defendant filed its Corporate Disclosure Statement on February 20, 2025 (Dkt. No. 18).

21. The undersigned counsel hereby certify that he/she has reviewed the Civil Rules, the Local Rules, the applicable Electronic Filing Procedures, and The Hon. Judge Evanson's Chambers Procedures for Civil Cases.

-11-

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:2024-cv-02043

Glacier Law LLP
251 South Lake Ave Ste 910
Pasadena, CA 91101
(312) 448-7772

22. The undersigned counsel hereby certify that he/she has reviewed and complied with The Hon. Judge Evanson's Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges.

**GLACIER LAW LLP**

Date: March 10, 2025

/s/ Tianyu Ju                    u
Tianyu Ju, Esq. (Admitted *pro hac vice*)
iris.ju@glacier.law
251 South Lake Ave Suite 910
Pasadena, California 91101
Telephone: (312) 448-7772

LAW OFFICE OF CARL J. MARQUARDT PLLC
Carl J. Marquardt (WSBA No. 23257)
1126 34th Avenue, Suite 311
Seattle, WA 98122
Tel: (206) 388-4498
Email: carl@cjmlawoffice.com
***Attorneys for Plaintiff***

**POTOMAC LAW GROUP, PLLC**

Date: March 10, 2025

By: /s/ William D. Fisher
William D. Fisher, WSBA No. 27475
1455 NW Leary Way, Suite 400
Seattle, WA 98107
Phone: (202) 558-5557
Email: wfisher@potomaclaw.com

Ehab M. Samuel (pro hac vice pending)
ORBIT IP, LLP
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Phone: (310) 887-1333
Email: esamuel@orbitip.com

***Attorneys for Defendant dbest products, Inc.***

-12-

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:2024-cv-02043

Glacier Law LLP
251 South Lake Ave Ste 910
Pasadena, CA 91101
(312) 448-7772

# CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2025, I electronically filed the above document with the United States District Court of the Western District of Washington, via its ECF e-filing System, which will serve a true and correct copy on all counsel of record.

        /s/ Tianyu Ju
        Tianyu Ju

-13-

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:2024-cv-02043

Glacier Law LLP
251 South Lake Ave Ste 910
Pasadena, CA 91101
(312) 448-7772