UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN YIHONG TECHNOLOGY CO. LTD., <br><br> Plaintiff(s), <br><br> v. <br><br> DBEST PRODUCTS INC., <br><br> Defendant(s). | CASE NO. C24-02043-KKE <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Defendant dbest products, Inc. ("dbest") moves to dismiss Plaintiff Shenzhen Yihong Technology Co., Ltd.'s ("Vtopmart") complaint under Rule 12(b)(1) and 12(b)(6). Dkt. No. 20. Substantively, dbest argues that this Court lacks subject matter jurisdiction over Vtopmart's claims under the Declaratory Judgment Act because its covenant not to sue extinguishes any actual controversy. dbest also argues that Vtopmart's Washington state law causes of action should be dismissed for failure to state a claim.

For the reasons stated below, the Court grants the motion to dismiss and dismisses the complaint. Dkt. No. 20. The Court also grants partial leave to amend.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

## I. BACKGROUND

### A. Factual Allegations[1]

Vtopmart is a limited liability company organized under the laws of the People's Republic of China with its principal place of business in Guangdong Province, China. Dkt. No. 1 ¶ 4. Vtopmart sells stackable storage drawers through online marketplaces, including Amazon.com, Inc. ("Amazon"). *Id.* at 1–2. Amazon is Vtopmart's "primary sales channel into the United States." *Id.* ¶ 12.

Around December 6, 2024, Vtopmart received a notice from Amazon that certain Vtopmart products were removed due to a utility patent infringement complaint for U.S. Patent No. 12,103,576 (the "'576 Patent"). Dkt. No. 1 ¶ 1, Dkt. No. 1-1 at 3 (notice showing removal of products with the Amazon Standard Identification Numbers ("ASIN") B09ZKYQMVD, B09J2QWHC2, B0CGV3LT2H, and B0CGV3QXPH). The notice identified the rights owner of the '576 Patent as Kaue Pereira, and the owner's email as "kpereira@dbestproducts.net." Dkt. No. 1 ¶ 11. Vtopmart alleges that Pereira is a dbest employee. *Id.* dbest is the applicant and assignee of the '576 Patent. Dkt. No. 1-2 at 2.

Vtopmart claims that dbest's infringement complaint led to the removal of Vtopmart's stackable storage drawer products from the Amazon marketplace. Dkt. No. 1 ¶ 12. The infringement complaint has "prevent[ed] Plaintiff from accessing its largest channel of trade" and "caused and continues to cause immediate and irreparable harm to Plaintiff." *Id.*

### B. dbest's Covenant Not to Sue

On December 11, 2024, Vtopmart initiated this action against dbest. Dkt. No. 1. Around December 22, 2024, Pereira contacted Amazon and requested retraction of the infringement

---

[1] For purposes of a motion to dismiss, the Court assumes that the facts alleged in the complaint are true. *Edmonson v. City of Martinez*, 17 F. App'x 678, 679 (9th Cir. 2001).

complaint against Vtopmart's products and reinstatement of its listings. Dkt. No. 21 at 2. About a week later, Amazon reinstated the listings of the subject ASINs. *Id.*

On January 22, 2025, dbest unilaterally provided Vtopmart a covenant not to sue for infringement of the '576 Patent in connection with the specific ASINs. Dkt. No. 22 at 2. Vtopmart requested broader language including its manufacturers and suppliers, which dbest provided. *Id.* The revised covenant not to sue states the following:

> dbest products, Inc. unconditionally and irrevocably covenants not to sue Shenzhen Yihong Technology Co., Ltd. ("Yihong"), its distributors, suppliers, manufacturers and customers, for infringement of any claim of U.S. Patent No. 12,103,576 ("the '576 Patent") in connection with Yihong's products bearing Amazon ASIN Nos. B09ZKYQMVD, B09J2QWHC2, B0CGV3LT2H, and B0CGV3QXPH that, at any time before and after the date of this covenant, Yihong: (i) makes, will have made, sells, uses[,] offered for sale, or otherwise imports, and/or (ii) made, had made, sold, used, offered for sale, or otherwise imported. This covenant shall also apply to all future owners of the patent and any future owners and/or successors in interest of Yihong.

*Id.* at 12.

**C.    Procedural Background**

In December 2024, Vtopmart filed the operative complaint against dbest. Dkt. No. 1. Under the Declaratory Judgment Act, Vtopmart seeks declaratory judgments of non-infringement of certain stackable storage drawers and of invalidity of the '576 Patent. *Id.* at 5, 9. Vtopmart also asserts two state claims, alleging tortious interference with contractual relations and unfair competition in violation of the Washington Consumer Protection Act. *Id.* at 11, 12. dbest then moved to dismiss the complaint. Dkt. No. 20. The parties fully briefed the motion, and the Court held oral argument on May 13, 2025. Dkt. Nos. 26, 30. This matter is ripe for the Court's consideration.

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be predicated on either a "factual" or "facial" challenge to subject matter jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Through a facial challenge, a movant asserts that the complaint's factual allegations are insufficient on their face to establish federal jurisdiction. *Id.* To resolve facial challenges to subject matter jurisdiction, district courts apply the same standard as under Rule 12(b)(6)—by accepting the allegations as true and drawing all reasonable inferences in the plaintiff's favor in deciding whether the complaint sufficiently invokes the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

In contrast, a factual attack involves disputes regarding the truth of the jurisdictional allegations, which by themselves, would otherwise invoke federal jurisdiction. *Safe Air*, 373 F.3d at 1039. In this instance, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). To defend against a factual attack on jurisdiction, the plaintiff must support their jurisdictional allegations with "competent proof." *Leite*, 749 F.3d at 1121. Here, dbest asserts a factual challenge, arguing that its retraction of the Amazon complaint and issuance of the covenant not to sue eliminated any actual controversy after Vtopmart filed the complaint. Dkt. No. 20 at 8–9.

### B.   Declaratory Judgment Act

Typically, a motion to dismiss for lack of subject matter jurisdiction is a procedural question not unique to patent law, and regional circuit law would control. *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1380 (Fed. Cir. 2002) (applying the Ninth Circuit's standard of review for a Rule 12(b)(1) dismissal). However, "[w]hether an actual case or controversy exists so that a

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012); *see also Valve Corp. v. Rothschild*, No. 23-CV-1016, 2024 WL 4335682, at *3 (W.D. Wash. Sept. 26, 2024). Because dbest contests the Court's authority to decide Vtopmart's claims for declaratory judgment of non-infringement and invalidity, Federal Circuit law controls here.

The Declaratory Judgment Act states that, "[i]n the case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party in seeking such declaration." 28 U.S.C. § 2201(a). "The 'actual controversy' requirement of the Declaratory Judgment Act is rooted in Article III of the Constitution, which provides for federal jurisdiction over only 'cases and controversies.'" *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007).

"[T]here is no bright line rule to determine whether a declaratory judgment action satisfies Article III's case-or-controversy requirements[,]" but the Supreme Court has directed courts to employ the doctrines of standing or ripeness. *3M*, 673 F.3d at 1376 (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128 n.8 (2007)). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 127.

In the patent context, the test for justiciability requires that "the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." *SanDisk*, 480 F.3d at 1381. In short,

"without some affirmative act by the patentee[,]" declaratory judgment jurisdiction generally will not exist. *Id.*; *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1364 (Fed. Cir. 2009).

### III.  ANALYSIS

**A.   The Court Dismisses Vtopmart's Declaratory Judgment Act Claims for Lack of Standing.**

dbest contends that Vtopmart fails to establish Article III standing for three reasons. First, dbest never threatened to sue Vtopmart for patent infringement. Dkt. No. 20 at 12. Second, once Vtopmart notified dbest of its noninfringement position, dbest retracted its notice to Amazon and allowed reinstatement of Vtopmart's listings. *Id.* And third, dbest offered Vtopmart a covenant not to sue. *Id.* The Court addresses each argument in turn.

As an initial matter, whether dbest never threatened to sue is not dispositive of whether an actual controversy exists. The key inquiry is whether dbest took an affirmative step to assert its rights under the patent. *Hewlett-Packard*, 587 F.3d at 1364. The standard does not require initiation of a formal lawsuit. *See id.* at 1364 n.1. Indeed, courts have found that infringement complaints to Amazon constitute an affirmative act sufficient to establish an actual controversy. *See, e.g.*, *Studio 010 Inc. v. Digital Cashflow LLC*, No. 2:20-cv-01018-DGE, 2023 WL 6793974, at *6 (W.D. Wash. Oct. 13, 2023) (finding that plaintiff sufficiently alleged an actual controversy because plaintiff contended that defendants submitted a patent infringement complaint to Amazon), *reconsideration denied*, No. 2:20-cvV-01018-DGE, 2024 WL 2274320 (W.D. Wash. May 20, 2024); *Waying Tech. Dev. Co., Ltd. v. Can Glass Inc.*, No. 24-CV-4209 (JGLC), 2024 WL 4533263, at *2 (S.D.N.Y. Oct. 21, 2024) (same); *Oralic Supplies Inc. v. Huang*, No. 3:22cv623, 2024 WL 55477, at *5 (E.D. Va. Jan. 4, 2024) ("This notice created a concrete, real, and substantial dispute fairly traceable to Mr. Huang which touches on the legal interests of Oralic and Mr. Huang[.]"); *Sell Below Cost USA LLC v. Blue Island Holding Grp. (US) Inc.*, No. 19-CV-

6095 (KAM) (RER), 2021 WL 1394284, at *4 (E.D.N.Y. Feb. 9, 2021) ("Here, the alleged Article III controversy occurred when the 'rights owner' of the '106 patent notified Amazon that Plaintiff's Tree Swing infringed the '106 patent."), *report and recommendation adopted*, No. 19-cv-6095(KAM)(RER), 2021 WL 777015 (E.D.N.Y. Mar. 1, 2021).

dbest argues that these cases are inapplicable because they involve motions for default judgment. Dkt. No. 30 at 16. However, these cases are persuasive because a plaintiff must still establish Article III standing and subject matter jurisdiction to obtain a default judgment on declaratory judgment claims. *See Eitel v. McCool*, 782 F. 2d 1470, 1471–72 (9th Cir. 1986); *see, e.g.*, *Studio 010 Inc.*, 2023 WL 6793974, at *6. Regardless, "courts have found declaratory judgment jurisdiction even where the patentee never had any contact with the declaratory judgment plaintiff prior to filing suit." *Applied Materials Inc. v. Cohen*, No. 17-cvV-04990-EMC, 2018 WL 1400378, at *6 (N.D. Cal. Mar. 20, 2018) (citing *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 903 (Fed. Cir. 2014)).

Because the absence of a formal lawsuit is not dispositive, the key issue is whether dbest's retraction of the Amazon complaint and issuance of a covenant not to sue eliminated any substantial controversy. Where a party has issued a covenant not to sue, the Court decides the impact of the covenant on Article III standing by "considering the covenant's language and the plaintiff's anticipated future activities[.]" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 94 (2013). If the Court concludes that "it is 'absolutely clear' that the allegedly unlawful activity cannot reasonably be expected to recur[,]" then the case is moot, and there is no actual case or controversy. *Id.* at 94–95; *Cooper Notification, Inc. v. Twitter, Inc.*, 545 Fed. App'x 959, 966 (Fed. Cir. 2013) (requiring a "clear, unequivocal statement that the potential infringer will not be sued"). "[W]hether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297

(Fed. Cir. 2009). "A useful question to ask in determining whether an actual controversy exists is what, if any, cause of action the declaratory judgment defendant may have against the declaratory judgment plaintiff[.]" *See Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007). Because dbest invokes the covenant not to sue to show mootness, dbest has the "formidable burden" to establish that proposition. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

dbest has satisfied its burden to show that, under the totality of the circumstances, its covenant not to sue has eliminated any actual controversy. Here, dbest retracted its Amazon complaint within weeks of Vtopmart filing this suit, and Amazon reinstated the accused products on December 30, 2024. Dkt. No. 21 at 2. More tellingly, a few weeks later, dbest covenanted not to sue based on the past, present, and future production of the listed Amazon ASINs (Amazon ASIN Nos. B09ZKYQMVD, B09J2QWHC2, B0CGV3LT2H, and B0CGV3QXPH). Dkt. No. 22 at 5, 12. Additionally, the covenant covers "any time before and after the date of this covenant." *Id.* Upon Vtopmart's request, dbest expanded the covenant's protection to Vtopmart's distributors, suppliers, manufacturers, and customers, and to apply to Vtopmart's future owners and successors in interest. *Id.* at 12. These facts are like other cases in this Circuit in which covenants not to sue eliminated any actual controversy. *See, e.g.*, *Asetek Danmark A/S v. Shenzhen Apaltek Co.*, No. 22-CV-01079-WHO, 2023 WL 3852698, at *4 (N.D. Cal. June 6, 2023) (covenant applied to party's affiliates, customers, resellers, and distributors); *Peritas Brands, LLC v. Leaphigh Animals, LLC*, No. 2:23-cv-00483-GMN-DJA, 2024 WL 841128, at *1–5 (D. Nev. Feb. 27, 2024) (covenant focused on the 21 accused products identified in the complaint and defendant retracted its Amazon infringement complaint).

According to Vtopmart, the covenant is not sufficiently broad because it is limited to "the four ASINs at issue in this case[,]" thus leaving Vtopmart's sale of the accused products on other

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 8

online platforms at risk. Dkt. No. 26 at 13. However, Vtopmart's concern is allayed by the covenant's protection for Vtopmart's distributors. Dkt. No. 22 at 12. This recital sufficiently protects the sale and distribution of the accused products on other online platforms such as Tiktok and Walmart. Moreover, as dbest represented in its briefing and during oral argument, dbest used the specific ASINs to clearly identify the accused products—and not to limit the scope of the covenant to Amazon's platform. Dkt. No. 30 at 11. And to the extent that Vtopmart claims that an actual controversy exists because the covenant does not protect other products or future designs, this argument also fails because "[t]he residual possibility of a future infringement suit based on [] future acts is simply too speculative." *Revolution Eyewear*, 556 F.3d at 1298 (quoting *Benitec Australia*, 495 F.3d at 1346). Moreover, unlike in the cases cited by Vtopmart, no such other products are at issue. To the contrary, Vtopmart does not identify other similar products or future designs, nor address future infringement in the complaint at all. And Vtopmart does not allege that it holds other products in storage that it wishes to sell, but cannot out of fear of infringement claims based on the '576 Patent. *C.f. id.* at 1299.

During oral argument, Vtopmart argued that dbest could theoretically violate the covenant, requiring Vtopmart to return to court on a breach of contract claim. Vtopmart's speculation that dbest might breach the covenant in the future is insufficient to maintain a live, actual controversy in this case. The standard set in *Already* does not require a covenant to eliminate any *possible* litigation. Rather, the Court asks whether it is "absolutely clear" that the allegedly unlawful conduct cannot *reasonably* be expected to recur. *Already*, 568 U.S. at 91. For the identified products here, that standard is met. Moreover, every covenant not to sue is a contract that could theoretically be breached. Given the breadth of the covenant, coupled with dbest's representations in this litigation, Vtopmart's fear that the parties may have adverse legal interests in the future is

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 9

too speculative to maintain standing in the current action. Accordingly, the Court dismisses Vtopmart's declaratory judgment claims.

B.     **Section 285 of Title 25 Does Not Provide an Independent Basis for Jurisdiction Under These Facts.**

Vtopmart contends that even if the Court no longer retains subject matter jurisdiction over its federal patent claims, 35 U.S.C. § 285 "serves as an independent basis for the exercise of jurisdiction over a claim for attorney's fees." Dkt. No. 26 at 15. Vtopmart relies on *Monsanto Co. v. Bayer Bioscience N.V.*, for this proposition. 514 F.3d 1229 (9th Cir. 2008).

Vtopmart's argument fails for several reasons. First, Vtopmart is not a "prevailing party" under the meaning of the fee-shifting statute. Section 285 provides that in the patent infringement context, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Under Federal Circuit precedent, to be a "prevailing party" within the meaning of § 285, a party must obtain a favorable "final court decision" that "change[s] the legal relationship between the parties." *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 993 (Fed. Cir. 2020); *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306–07 (Fed. Cir. 2018) (finding that appellees were the "prevailing party" because the district court dismissed appellant's action for lack of standing). Because the Court dismisses Vtopmart's patent claims for lack of standing, Vtopmart is prevented from "achieving a material alteration of the relationship between [the parties]" via a declaratory judgment of non-infringement or invalidity. *Raniere*, 887 F.3d at 1306.

This case is unlike *Monsanto*. There, Monsanto, a seller of genetically modified corn product, sued another seller, Bayer, for a declaration of non-infringement and invalidity under four patents. 514 F.3d at 1231. Bayer counterclaimed, alleging infringement. *Id.* at 1232–33. Bayer later issued a covenant not to sue Monsanto for infringement under three of the four disputed

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 10

patents, and dismissed those claims with prejudice. *Id.* at 1242. The case proceeded to trial on the remaining patent at issue, and the jury found in favor of Monsanto. *Id.* at 1233. Because of the favorable jury verdict, Monsanto was entitled to request attorneys' fees under § 285. The facts that arose in *Monsanto* are not before this Court, and in this instance, Vtopmart is not the prevailing party.

Second, even if Vtopmart could be declared a prevailing party, § 285 "is not a standard 'prevailing party' attorney fee-shifting provision; it requires a court to find that a case is 'exceptional' before it can even consider a fee award." *Nat'l Prods., Inc. v. Gamber-Johnson LLC*, No. C07-1985RAJ, 2008 WL 11343465, at *5 (W.D. Wash. Apr. 23, 2008) (quoting *Evident Corp. v. Church & Dwight Co., Inc.*, 399 F.3d 1310, 1315 (Fed. Cir. 2005)); *see, e.g.*, *Monsanto Co. v. Bayer Cropscience, N.V.*, No. 4:00CV01915-ERW, 2007 WL 1098504, at *4 (E.D. Mo. Apr. 12, 2007), *aff'd sub nom. Monsanto Co. v. Bayer Bioscience N.V.*, 275 F. App'x 992 (Fed. Cir. 2008). Section 285 may only apply if Vtopmart proves through clear and convincing evidence that the case is exceptional, such as by showing that dbest engaged in inequitable conduct or "vexatious, unjustified, and otherwise bad faith litigation[.]" *Nat'l Prods.*, 2008 WL 11343465, at *5. Vtopmart has not made this showing.

As such, § 285 cannot provide an independent basis for jurisdiction for Vtopmart's claims.

**C.   The Court Dismisses Vtopmart's State Law Claims Because It Cannot Exercise Supplemental Jurisdiction over These Claims.[2]**

dbest argues the Court should exercise its discretion under 28 U.S.C. § 1367(c) to decline supplemental jurisdiction over Vtopmart's state law claims in the interest of judicial economy. Dkt. No. 20 at 14–15. Vtopmart counters that the Court should exercise supplemental jurisdiction

---

[2] Because the Court dismisses the state law claims for lack of subject matter jurisdiction, it does not address dbest's Rule 12(b)(6) arguments on these claims. *See* Dkt. No. 20 at 15–19, Dkt. No. 30 at 11–18.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 11

over the state law claims, even if it dismisses the federal declaratory judgment claims, without explaining what factors weigh in favor of retaining jurisdiction. Dkt. No. 26 at 16.

As discussed at oral argument, neither party's position is correct. This case does not concern the Court's discretionary exercise of supplementary jurisdiction under § 1367(c). The question here is whether the Court has authority to exercise supplemental jurisdiction under § 1367(a) if it dismisses the federal declaratory judgment act claims. Under binding Ninth Circuit law, the answer is no. The Ninth Circuit distinguishes between dismissal on the merits from dismissal on jurisdictional grounds. "If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims." *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001); *see also Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (holding that with the dismissal of plaintiff's federal claim for lack of standing, the court had no authority to retain jurisdiction over the state law claims). Put differently, once a district court decides that it lacks jurisdiction, it has no authority under § 1367(a) and, therefore, does not reach the questions of judicial economy underlying § 1367(c). At that point, the district court has "nothing left to do but to dismiss the case." *Herman*, 254 F.3d at 807.

Such is the case here. The Court dismisses Vtopmart's state law claims for lack of subject matter jurisdiction.

D.     **The Court Grants Partial Leave to Amend.**

Vtopmart's claims relating to the accused products are dismissed with prejudice because these products are covered by dbest's covenant not to sue, and no amendment would cure the defects in standing as to these claims. *Cook*, 911 F.2d at 247. However, the Court will allow leave to amend the complaint to the extent there may be *other* products at issue not covered by the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 12

covenant, because it is not "absolutely clear" that Vtopmart's future activities relating to other products would not be alleged to infringe on dbest's patent. *Already*, 568 U.S. at 94–95 ("The case is moot if the court, considering the covenant's language and the plaintiff's anticipated future activities, is satisfied that it is 'absolutely clear' that the allegedly unlawful activity cannot reasonably be expected to recur."); *Peritas*, 2024 WL 841128, at *5 (providing leave to amend over products outside the scope of the covenant not to sue).

## IV. CONCLUSION

The Court GRANTS dbest's motion to dismiss. Dkt. No. 20. The Court also GRANTS Vtopmart leave to amend its complaint as explained above. Vtopmart may FILE its amended complaint, if any, within 14 days of this order.

Dated this 29th day of May, 2025.

Kymberly K. Evanson
United States District Judge